For defendant: W. Louis Frost.

Louis H. Massart
vs.
Narragansett Electric Company } No. 90228.

Anna Irene Massart
vs.
Narragansett Electric Company } No. 90227.

July 7, 1933.

JOSLIN, J. Heard on motion for a new trial after verdicts for the plaintiffs in the sum of $1300 and $2250 respectively.

These are two actions for negligence brought by the plaintiffs, who are husband and wife, to recover for damages suffered by them in an automobile accident which occurred on Huntington Avenue, in Providence, on the evening of December 15, 1931.

The plaintiffs allege, in their respective declarations, that the defendant, by its servant and agent, negligently operated the defendant's automobile, in consequence of which they suffered damages.

On the day in question Mr. Massart was operating a Chevrolet automobile on Huntington Avenue. Seated in the automobile were Mrs. Massart and another lady. He was proceeding in a northerly direction. Approaching from the opposite direction was a Ford automobile, operated by one Walter C. Conyers, travelling at a high rate of speed, going from one side of the road to the other. Massart brought his automobile to a stop on the right side when the Ford automobile was some 500 feet distant. The Ford automobile nevertheless continued on and crashed into the Massart automobile. practically destroyed it, and inflicted injuries upon the plaintiffs. There is abundant evidence of the operator's negligence. The evidence is clear that each plaintiff was in the exercise of due care.

The defendant contends that despite the negligence of the operator of the Ford automobile it is not liable, because at the time of the collision said operator was not acting as its agent.

The Ford automobile was owned by the defendant company. Conyers was employed by the defendant as foreman in the construction and maintenance department, with headquarters at the Harris Avenue sub-station. As such foreman he was given possession of said automobile by the defendant at all times, namely, during the twenty-four hours of the day. He was subject to call at any time, day or night. He was directed to store the automobile at or near his home so that. if called outside of regular working hours (which were from 8 A. M. to 5 P. M.), he would have it readily at hand and could the more promptly respond. The defendant paid all maintenance costs and garage rent. The defendant claims that this delivery to and possession of the automobile by Conyers was subject to a restriction, namely, that the car was to be used for company business only. It appeared that this restriction was the result of certain written or printed rules of the defendant company. The rules were not produced.

On the day in question Conyers completed his work at 5:15 P. M. He thereupon drove the car to East Providence, where he had two drinks of liquor, took a bottle of liquor with him, and proceeded on his way. He stopped at the Harris Avenue sub-station and again proceeded on his way. It was then that he found himself on Huntington Avenue, where the accident in question occurred.

The defendant argues, first, that the verdict is not justified because there is no evidence that at the time of the accident Conyers was a common law agent or servant of the defendant. Is there sufficient evidence to warrant finding such a relationship between the defendant and Conyers at the time of the accident? The automobile was the property of the defendant. It was delivered to Conyers, as claimed by the defendant, for the specific purpose of using it in the business of the company. The defendant admits this included the right to use it on the way home from his work. The failure to produce the rules of the company from which said restriction arises is not ex-

plained. The rules were the best evidence of the restriction. Such failure to produce might reasonably cause a serious doubt as to the nature of the restriction, or, if indeed there was any restriction at all. But, assuming that said restriction was exactly as claimed by the defendant, Conyers gave no satisfactory explanation for stopping at the Harris Avenue sub-station, his headquarters. He stated that when he left said sub-station he was proceeding to the Elmwood Avenue sub-station where he was to deliver the bottle of liquor obtained in East Providence to a workman named Lyon. Massart testified that while at the scene of the accident, Conyers had stated to him that he was on his way home when the accident occurred. There was no corroboration of the East Providence visit. Lyon was not called to testify nor was his absence explained. The jury would be well warranted in inferring, as the Court did, that the injection of Lyon's name was a myth, and that Conyers' reason for stopping at his headquarters was to see if he was wanted for any emergency work. What reason other than this could have decided Conyers to stop there at that time? He had been out of reach of the station for several hours. It is reasonable to deduce from all the attending circumstances that he stopped there for that purpose. Conyers admittedly had the right to use the Ford automobile on his way home. Taking into consideration the nature of his employment and all the attending circumstances, if, after stopping at the Harris Avenue sub-station for the purpose above indicated, Conyers was on his way home, as the jury might reasonably believe, then he was engaged in the business of the defendant.

This situation is comparable to one which would have existed had there been no evidence of the trip to East Providence and the accident had occurred on the way home when Conyers quit his work at 5:15 P. M. In our opinion the evidence warranted the jury in finding that Conyers was acting within the scope of his employment. Hence he was defendant's agent.

The defendant further argues that Conyers was bailee of the automobile at the time of the accident and hence it was not liable for his conduct.

By the provisions of Section 10 of Chapter 1429 of Public Laws 1929, the defendant would not be liable if Conyers, at the time of the accident, was a bailee of the automobile.

See *Rogers* vs. *The Hebe Company*, 52 R. I. 274.

Was Conyers a bailee at the time of the accident? Again assuming that said restriction was as the defendant maintains, the automobile had been delivered to Conyers for the particular purpose of using it in the company's business. While it was so used the statute deems him to be the agent of the defendant. After the particular purpose has been fulfilled then a bailment arises and Conyers becomes a bailee.

The jury by their special finding, requested by the defendant, found that there was no bailment. This means that they were satisfied that, at the time of the accident, he was engaged in operating the car within the "particular purpose" for which the car was entrusted into his keeping. This finding is supported by the evidence, and has the approval of the Court.

Lastly, the defendant argues that the evidence shows no implied consent to use the automobile for the purpose for which it was used at the time of the accident. A repetition of the foregoing recital and discussion of the evidence is unnecessary. In the opinion of the Court there was evidence, particularly of a circumstan-

tial nature, which amply justified the jury in finding that there was such implied consent.

The defendant does not object to the amount of Mr. Massart's verdict. It does, however, claim that the verdict for $2,250 awarded Mrs. Massart is excessive. The automobile which was practically destroyed was her property. Its value was $225. She was awarded $2,000 for pain and for her permanent injuries. Her injuries left her in a nervous condition and with a sacroiliac sprain. The Court closely observed Mrs. Massart during the several days of the trial and is convinced that her claim as to the nervous condition and the sacroiliac sprain are well founded. She was treated by her physician up to within three months of the trial. Her physician testified that she needs to continue the use of the deep heat lamp and the use of a belt. This back injury, he stated, delays the cure of her nervous condition. In the opinion of the Court the amount of the damages is not excessive.

For the foregoing reasons the Court is of the opinion that the verdicts are supported by the evidence and that substantial justice is done.

Motion for a new trial in each case is denied.

For Plaintiff: Baker & Spicer-Sundlun.

For defendant: Sherwood & Clifford.